**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2657-16T3

FISCHEL GOLDBERG and JERRY
VELASQUEZ, individually and
on behalf of all others
similarly situated,

    Plaintiffs-Respondents,

v.

HEALTHPORT TECHNOLOGIES, LLC,
KIMBALL MEDICAL CENTER, INC.,
COMMUNITY MEDICAL CENTER,
INC., BARNABAS HEALTH, INC.,
OCEAN MEDICAL CENTER, JERSEY
SHORE UNIVERSITY MEDICAL
CENTER, and MERIDIAN HEALTH
SYSTEM, INC.,

    Defendants-Respondents.

_____

Submitted February 28, 2018 — Decided September 5, 2018

Before Judges Nugent and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-1421-
14.

Clark Law Firm, PC, attorneys for appellant
Diana Dos Santos (Gerald H. Clark, of counsel;
Mark W. Morris, on the brief).

Chase Kurshan Herzfeld & Rubin, LLC, attorneys
for respondents Fischel Goldberg and Jerry

Velasquez (Michael R. Rudick, Peter J. Kurshan, and Maureen Doerner Fogel, on the joint brief).

Thompson Hine, LLP, attorneys for respondents HealthPort Technologies, LLC, Kimball Medical Center, Inc., Community Medical Center, Inc., Barnabas Health, Inc., Ocean Medical Center, Jersey Shore University Medical Center, and Meridian Health System, Inc. (Rebecca A. Brazzano and Seth A. Litman (Thompson Hine, LLP) of the Georgia bar, admitted pro hac vice, on the joint brief).

PER CURIAM

This is a class action. Appellant, Diana Dos Santos, appeals from two Law Division orders, the first approving the class action settlement, the second entering a judgment of dismissal. Appellant contends our review is de novo. She submits that under de novo review we must reverse the Law Division orders, because notice to the class members was "constitutionally lacking." Respondents, nominal plaintiffs Fischel Goldberg and Jerry Velasquez, contend we should review the Law Division orders under an abuse-of-discretion standard. They submit that under the deferential abuse-of-discretion standard, we must affirm the Law Division orders, the trial court having properly exercised its discretion to approve the class action settlement and dismiss the case. We conclude the scope of our review is limited to determining whether the trial court abused its discretion. Finding the court did not, we affirm.

2                                                                    A-2657-16T3

According to the amended complaint, with the exception of Healthport Technologies, LLC, defendants operate hospital facilities throughout New Jersey. The complaint identifies Healthport as a "medical record reproduction company" and an agent of defendants that provides hospital records to requestors.

The fees for records a hospital may charge a patient or the patient's authorized representative are regulated:

> If a patient or the patient's legally authorized representative requests, in writing, a copy of his or her medical record, a legible, written copy of the record shall be furnished at a fee based on actual costs. One copy of the medical record from an individual admission shall be provided to the patient or the patient's legally authorized representative within 30 days of the request, in accordance with the following:
>
> > 1. The fee for copying records shall not exceed $1.00 per page or $100.00 per record for the first 100 pages. For records which contain more than 100 pages, a copying fee of no more than $0.25 per page may be charged for pages in excess of the first 100 pages, up to a maximum of $200.00 for the entire record;
> >
> > 2. In addition to per page costs, the following charges are permitted:
> >
> > > i. A search fee of no more than $10.00 per patient per request. (Although the patient may have had more than one admission, and thus more than one record is provided, only

one search fee shall be permitted for that request. The search fee is permitted even though no medical record is found as a result of the search.); and

ii. A postage charge of actual costs for mailing. No charges shall be assessed other than those permitted in (d)1 and 2 above;

[N.J.A.C. 8:43G-15.3(d)(1) and (2).]

The amended complaint, which alleged defendants charged an unauthorized, unlawful five-dollar fee for certifying copies of hospital records, included four counts: violation of the New Jersey Administrative Code, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, fraudulent and negligent misrepresentation, and unjust enrichment. The proposed class was:

All "patients" who, during the time period of March 4, 2008 through the present, requested copies of medical records in the State of New Jersey, either personally or through their "legally authorized representatives" (as such terms are defined in N.J.A.C. 8:43G-15.3(d)), in writing, from defendants . . . and who have suffered economic damages as a result of the payment of service fees that were imposed by [d]efendants in excess of those expressly authorized under N.J.A.C. 8:43G-15.3(d).

Following procedural events unrelated to the issues on appeal, the completion of discovery, and mediation, the parties agreed to settle the suit. Defendants agreed to pay four dollars

4

to any class member who submitted a claim form. Defendants also agreed to make a minimum payment of $100,000. Any balance after reimbursed claims was to be paid to charity.

The trial court preliminarily approved the settlement as well as the parties' plan for providing notice to potential class members. Because all requests for medical records were made by attorneys, the parties agreed to have notice sent directly to the attorneys, as the class list prepared from HealthPort's business records only contained the identity of the person who made the request, the patient for whom the request was made, and the requestor's address. HealthPort did not receive contact information for the patients, and HealthPort did not maintain copies of the medical records it processed because of considerations concerning the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320, (HIPPA) and other privacy laws.

The class action notice required the attorneys to either affirm they were the proper claimant because they paid the certification fee and were not reimbursed, or indicate the fee should be paid to their client because their client reimbursed them the fee. If the client was in fact the proper claimant, then the attorney could register the client, provide the client's address to the Administrator and direct payment be sent to the

5

client, or provide the client's address to the Administrator and request the notice be sent directly to the client.

The deadline to mail the notice was August 22, 2016, and class members had until October 21, 2016, to opt out of the class or object to the settlement. Class members then had until January 2, 2017, to submit their proofs of claim, either electronically or by mail.

Appellant's attorneys received the initial notice in September, before any registration or notification deadline. Although the deadline to object was October 21, 2016, due to some other deadlines that were extended, appellant had the "impression" the deadline to object was also extended and did not object until November 13, 2016. Despite the late objection, during the motion to approve the settlement on December 16, 2016, the trial court heard and considered appellant's arguments against the settlement.

Appellant objected to the settlement based on the method of notice. She argued defendants should have sent the notice directly to the patients, not their attorneys. She claimed most class members never received notice, a fact evidenced by only 4.4% of affected patients submitting claims. She argued the method of notice placed the onus on the class members' prior counsel to alert class members of the pending settlement, causing many members to never receive notice. Thus, the method of notice was

6

insufficient as it "aimed at minimizing defendants' exposure [and] maximizing class counsels fees" and was not "aimed at compensating those harmed by defendants['] unlawful practices."

Respondents argued that sending notice to the attorneys who were invoiced was more streamlined and reasonable, as all of defendants' records showed the person who paid the fee was the attorney requestor, not the patient. Defendants had no way of knowing if the patient-clients reimbursed the attorneys for the fee.

The court decided on January 6, 2017, to approve the final settlement for the class action, noting "[t]o satisfy the standards of due process [in providing notice], mandatory individual notice is not required." The court acknowledged notice mailed directly to the patients "would have been the best notice available," but found it "was unreasonable in this matter." HealthPort did not have individual addresses for each patient, but only contact information for the law firms.

The court found it reasonable to instead provide notice to the individual who had requested the documentation, which, in this case, consisted primarily of the patients' attorneys. Thus, the court found providing notice to the attorneys was the "only reasonable way . . . that Health[P]ort could have provided the notices." The court also found the settlement was in the best

interest of the class members, as it reimbursed eighty percent of the five dollar fee.

Appellant appeals from the resulting dismissal of the underlying class action, issued on January 26, 2017. On appeal she makes three arguments regarding notice:

> I. The Trial Court's Determination That Notice Was Adequate Was Incorrect and Should Be Reversed
>
> II. Direct Notice Should Have Been Utilized to Provide Class Members Notice and Fairly Apprise Them of Their Rights and Remedies
>
> III. The Class Was Not Provided with the Best Notice Practicable

We must first determine the appropriate standard of review. Rule 4:32 provides the framework for class actions, and is modeled after Federal Rule of Civil Procedure 23(a) and (b). See Saldana v. City of Camden, 252 N.J. Super. 188, 194 n.1 (App. Div. 1991). Because there is no binding precedent within our court to determine the standard of review in assessing the approval of a class action settlement, and because Rule 4:32 is modeled after its federal counterpart, we look to federal precedent.

The Third Circuit has determined that when reviewing "the decision of the . . . [c]ourt to certify [a] class and approve [a] settlement," it does so "under an abuse of discretion standard." In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 527 (3d Cir.

2004) (citations omitted).  The abuse of discretion standard is applied because "[t]he [trial] court has considerable discretion in determining whether a settlement is fair and reasonable." Bryan v. Pittsburgh Plate Glass Co. (PPG Indus., Inc.), 494 F.2d 799, 801 (3d Cir. 1974).

Applying that standard, we conclude the trial court did not abuse its discretion in determining the class notice was the best notice practicable under the circumstances.  Rule 4:32-2(b)(2) requires "the best notice practicable under the circumstances, consistent with the due process of law."  Due process imposes certain minimum notice requirements, but does not require individual notice to each party member. Sulcov v. 2100 Linwood Owners, Inc., 303 N.J. Super. 13, 36 (App. Div. 1997) (citation omitted).  Instead, "[t]he court shall direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." R. 4:32-2(e)(1)(B).

In the underlying action, the known medical record requestors were the attorneys who requested the records on behalf of their clients.  Although the attorneys may have been reimbursed the disputed certification fees by their clients, the only contact defendants had concerning the requested records was with the attorneys and law firms requesting them.  Therefore, it was reasonable for notice to be sent to the attorneys.

Appellant contends by having notice sent to the attorneys, the court burdened attorneys to contact their clients, explain the settlement and the options, and ultimately file for a claim in the settlement. However, the notice sent to the attorneys only requested they either affirm the attorney is the proper claimant, or, if not, provide the address of the proper claimant so that notice might be sent there. Attorneys could also register for their clients and have payment directed to them.

We do not find the trial court abused its discretion in finding appellant's proposed notice was less practicable than that used. Appellant argues notice should be sent either directly to the underlying patients, or to both the underlying patients and their attorneys. However, the former method overlooks that the attorneys requested the documents and payed the certification fee, and the latter method raises the issue of duplicative claims. In addition, due to privacy considerations, it was unclear who was permitted to provide patient names. For these reasons, we conclude the trial court did not abuse its discretion in determining that sending the notice to the requesting attorney was the most effective and efficient manner to ensure notice reached the proper claimant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2657-16T3